IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DICKINSON NORMAN ADIONSER,**

        **Petitioner,**

v.                                       **Criminal No.: 2:03cr81-1**
                                                **Civil No.: 2:04cv615**

**UNITED STATES OF AMERICA**

        **Respondent.**

<u>OPINION & ORDER</u>

This matter is before the Court on <u>pro se</u> Petitioner Dickinson Norman Adionser's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") pursuant to 28 U.S.C. § 2255. Doc. 27. Petitioner's Motion alleges three grounds for vacating, setting aside, or correcting his sentence: (1) that counsel was deficient for not objecting to the gun enhancement; (2) that counsel was deficient for failing to object to some of the drug amounts attributed to Petitioner; and (3) that Petitioner's constitutional rights were violated when his sentence was increased by facts not proven to a jury beyond a reasonable doubt. This Motion is **DENIED** and **DISMISSED**.

Petitioner has also filed a Motion for Preliminary Injunction to Preserve Evidence and a Motion for Leave of Court to Conduct Discovery. Docs. 32 & 35. These Motions are **DENIED** as **MOOT** following denial of Petitioner's Motion under § 2255.

I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND[1]

On June 10, 2003, a federal grand jury charged Petitioner with the following offenses: (1) conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(A)(i) ("Count One"); and, (2) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (B)(1)(c) ("Count Two"). The Court appointed attorney Robert J. Dautrich to represent Petitioner on June 26, 2003. Petitioner plead guilty to Count One on July 29, 2003.[2]

There appears to have been substantial disagreement between Dautrich and Petitioner as to how best to proceed with the case and what to object to in the Presentence Investigation Report ("PSR"). On October 2, 2003, Dautrich filed a Motion to Withdraw as counsel, citing "a failure of communication" between him and the Petitioner. Doc. 19. While the Motion was pending, Dautrich continued with the representation, filing objections to the PSR on October 7, 2003. Several changes to the PSR were made, which reduced the total amount of drugs attributed to the Petitioner. The Court held a hearing and denied counsel's Motion to Withdraw on October 16, 2003. On October 20, 2003, the Probation Officer filed an addendum to the PSR, listing only one unresolved objection: the objection to the gun enhancement. At some point in October, prior to the sentencing hearing scheduled for October 29, 2003, Petitioner's family retained Michael Fasanaro to represent Petitioner. Although both Dautrich and Fasanaro appeared at the sentencing, only Mr. Fasanaro spoke.

---

[1]The Court has construed the facts as presented here solely upon the existing record and for the limited purpose of ruling on the Petitioner's motion.

[2]The Government dismissed Count Two. Sentencing Transcript ("Sent. Tr.") at 10.

At sentencing, Petitioner withdrew his objection to the gun enhancement. The Court sentenced Petitioner to a term of imprisonment of three hundred forty-eight (348) months and a term of supervised release of five (5) years. At the hearing, the Government filed a 5K1.1 motion to reduce Petitioner's sentence due to substantial assistance, which the Court granted. The Court reduced Petitioner's term of imprisonment to two-hundred forty (240) months.

Petitioner did not appeal to the United States Court of Appeals for the Fourth Circuit.

On October 13, 2004, Petitioner filed the present Motion under 28 U.S.C. § 2255. Doc. 27. The Petitioner raises three arguments in his Motion: (1) that counsel was deficient for not objecting to the gun enhancement; (2) that counsel was deficient for failing to object to some of the drug amounts attributed to the Petitioner; and, (3) that Petitioner's constitutional rights were violated when his sentence was increased by facts not proven to a jury beyond a reasonable doubt.

On May 3, 2005, the Court ordered the Government to respond to Petitioner's Motion. Doc. 31. The Government filed its response to Petitioner's Motion and Memorandum in Support on July 5, 2005. Doc. 33. Petitioner filed his Reply to the Response of the United States to Defendant's Motion for Relief Pursuant to 28 U.S.C. § 2255 on July 28, 2006. Doc. 38.

On June 29, 2005, Petitioner filed a Motion for Preliminary Injunction to Preserve Evidence. Doc. 32. Petitioner further filed a Motion for Leave of Court to Conduct Discovery on July 5, 2005. Doc. 35. The Government responded to these Motions on July 13, 2005. Petitioner filed his rebuttal to the Government's reply on September 6, 2005.[3] Doc. 39.

---

[3]Petitioner filed a Motion for Extension of Time to file his rebuttal on July 26, 2005, because the Government's reply was delayed in the mail. Doc. 37. Petitioner's Motion for Extension of Time is **GRANTED**.

II. STANDARD OF REVIEW FOR CLAIMS BROUGHT UNDER 28 U.S.C. § 2255

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio, 422 U.S. 178, 185 (1979). In order to move the Court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was imposed in violation of the Constitution or laws of the United States; (2) that the Court was without jurisdiction to impose such a sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 ¶ 1.

Because a habeas petition is a civil action, the burden of proof is upon the petitioner to establish the allegations of his motion by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998). The court is not required to hold an evidentiary hearing on a § 2255 petition if the record of the case conclusively shows that petitioner is not entitled to relief. United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988); United States v. Rowland, 848 F. Supp. 639 (E.D. Va. 1994). Nevertheless, because he has filed his Motion pro se, the Petitioner is entitled to have his petition and asserted issues construed liberally. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

A motion pursuant to 28 U.S.C. § 2255 "may not do service for an appeal," United States v. Frady, 456 U.S. 152, 165 (1982), and therefore § 2255 claims that should have been raised at trial, Wainwright v. Sykes, 422 U.S. 97 (1977), and claims that could have been raised on direct appeal but were not, Frady, 456 U.S. at 167-68, are procedurally defaulted unless one of three

exceptions applies. The first exception is when a petitioner demonstrates "cause" for his procedural default and "actual prejudice" therefrom. Id. The second is when a petitioner can demonstrate his actual innocence in either a capital case, or a case in which a recidivist sentencing enhancement was applied to the petitioner. United States v. Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999). The third exception is when a petitioner brings a claim of constitutionally ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Title 28 of the United States Code, § 2255 ¶ 6 prescribes a one-year statute of limitations period from "when the judgment of conviction becomes final," in which to attack a defendant's sentence or conviction. A judgement of conviction becomes final when the time for seeking review of the judgment expires. Allen v. Hardy, 478 U.S. 255, 258 (1986) ("By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed . . . ."). In a criminal case, a defendant's notice of appeal must be filed in the district court within ten days after the entry of judgment. See Fed R. App P. 4(b)(1)(A) & 26(a)(1)-(2). Judgment against the Petitioner was entered November 3, 2003, so he had until November 18, 2003 to file a notice of appeal. See id. (filing periods of less than eleven days shall not include weekends or federal holidays). Petitioner did not appeal. Therefore, judgment became final as of November 18, 2003, and he had until November 18, 2004 to file a § 2255 Motion. Petitioner filed his § 2255 Motion on October 13, 2004, within the applicable limitations period. Petitioner's Motion is therefore timely.

III. INEFFECTIVE ASSISTANCE OF COUNSEL

**A. Standard of Review**

Because a counsel's representation continues through the trial and sentencing phase, claims for ineffective assistance of counsel are best raised in a § 2255 motion, unless the record on appeal conclusively shows ineffective assistance. DeFusco, 949 F.2d at 120. To prevail on an ineffective assistance of counsel claim, Petitioner must meet two requirements. The Court need not consider both requirements if one of the requirements is not met. United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (citing Williams v. Kelly, 816 F.2d 939, 946-47 (4th Cir. 1987)).

First, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000) (quoting Strickland, 466 U.S. 668, 688 (1984)). Petitioner's counsel is entitled to a "strong presumption" that a trial counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." Roane, 378 F.3d at 404 (citing Strickland, 466 U.S. at 689). For Petitioner's counsel's performance to be deficient, his errors must have been so egregious that he was not "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. (citing Strickland, 466 U.S. at 687). The objectiveness of counsel's assistance, evaluated under a "highly deferential" standard, is based on counsel's perspective at the time of the alleged error and in light of all of the circumstances. Id. at 404-05 (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland, 466 U.S. at 689 (the court must give wide latitude to the tactical decisions made by counsel)).

Second, Petitioner must also demonstrate "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Bacon, 225 F.3d at 478 (citing Strickland, 466 U.S. at 694). In order to do so, Petitioner must show a "probability sufficient to undermine confidence in the outcome." Roane, 378 F.3d at 405 (citing Strickland, 466 U.S. at 694).

**B. Discussion**

Petitioner contends that counsel was deficient for not objecting to the gun enhancement and in failing to object to some of the drug amounts attributed to the Petitioner. Both claims are without merit.

*1. Gun Enhancement*

Petitioner first alleges that both counsel, Robert Dautrich and Michael Fasanaro, violated his Sixth Amendment right to effective assistance of counsel "when they failed to object to an erroneous §2D1.1(b)(1) gun enhancement adopted by the court via PSR; which would have resulted in a lesser sentence had they done so." Doc. 27 at 1. Petitioner states that he had raised concerns about the gun enhancement and the Government's reliance on "erroneous info" with his first counsel, Mr. Dautrich. Id. at 2. He contends that Mr. Dautrich told him that he would object to any enhancement at the sentencing phase, but alleges that Dautrich and Fasanaro's failure to do so at the hearing constituted ineffective assistance of counsel. Id.

Indeed, Mr. Dautrich did object to the gun enhancement. See Petitioner's Ex. N, Q. Mr. Dautrich and Mr. Fasanaro appear to have made a tactical decision to informally object to the gun enhancement by letter to the AUSA, Laura Tayman ("AUSA"), and to the Probation Officer, Kristian Everett, in order to garner more significant reductions from the Government at sentencing. Petitioner's Ex. N (letter to Probation Officer Kristian Everett objecting to the two-

level enhancement for possession of a firearm and to the drug quantities attributed to Petitioner); Petitioner's Ex. Q (AUSA's letter to Ms. Everett requesting changes to the PSR based on Mr. Dautrich's objections). As a result of Mr. Dautrich's efforts, the AUSA made some minor adjustments. Petitioner's Ex. Q. The two-point enhancement for possession of a firearm was maintained by the Government, despite Mr. Dautrich's objection, as soundly based in the evidence.[4] Id.

Pursuant to an agreement with the Government and Government's Motion to the Court, at Petitioner's sentencing hearing counsel maintained that there were no objections to the PSR in order to strengthen their argument that Petitioner should receive a reduction in sentence for acceptance of responsibility and a significant downward departure for cooperation with the Government. Sentencing Transcript ("Sent. Tr.") at 6. Evidence of such a strategy is founded in the statements of Petitioner, Petitioner's counsel, and the Government.[5] Specifically, Petitioner

---

[4]In reviewing a § 2255 petition, the role of the court is limited to those challenges that could not have been raised on appeal. See United States v. Frady, 456 U.S. 152, 165 (1982); Wainwright v. Sykes, 422 U.S. 97 (1977). Accordingly, this Court will not reevaluate the sufficiency of the evidence in support of the gun enhancement.

[5]This is supported by the Record. At Petitioner's sentencing hearing, the Government argued in its Motion under § 5K1.1 that:

> This is a very, very unusual case, and Mr. Fasanaro, once he was retained, came at me saying, "My client doesn't have objections to the offense conduct. He accepts responsibility. He accepts the sentencing enhancements that are appropriate in this case, but he deserves some consideration for the cooperation that he has already undertaken and essentially completed with the United States." And I agree with him. . . . Mr. Dautrich very wisely encouraged his client to begin cooperating with the United States, so for that reason at the time release conditions were set, pretrial services and Judge Stillman all knew and understood that the United States was agreeing to his placement at the halfway house at rehabilitation services so that he could proactively cooperate with DEA. . . . As a result, DEA was able to take him up to New York City and receive assistance in New York City where they arranged

states that he was expressly told by Mr. Fasanaro that the Court would not have agreed to the Section 5K1.1 Motion if the Petitioner maintained any objections to the PSR. Petitioner's Exhibit U at 4. Mr. Fasanaro was ultimately successful in procuring a four point reduction in Petitioner's base level offense at the hearing on the 5K1.1 Motion, resulting in a sentence nine (9) years less than that originally imposed by the Court. Sent. Tr. at 19 (Petitioner's sentence was reduced from 348 to 240 months). Petitioners' counsel thus made a tactical decision not to formally object to the gun enhancement, in order to gain a more significant reduction in sentence for Petitioner; the choices made by counsel do not fall " below an objective standard of reasonableness" and will not otherwise be second-guessed by the Court.

Further, there is no evidence that had Petitioner's counsel made a formal objection, the outcome would have been different. Petitioner received a four point reduction as a result of his cooperation and acceptance of responsibility. However, Petitioner would have received only a two point reduction if the gun enhancement had been granted. Because Petitioner has failed to show by a preponderance of the evidence that the objection would have been granted had it been made, and that he still would have received the four point reduction requested by the Government, his argument for ineffective assistance for failure to object to the gun enhancement is without merit.

---

    essentially a buy bust of 400 grams of raw heroin and made three arrests as a result.
    . . . We do expect that he's a candidate for two reductions in this case, the first at the
    time of sentencing under 5K and then also under Rule 35B because . . . the
    Defendant will very probably be needed for testimony here in the Eastern District of
    Virginia on another supplier that Agent Orgon is working very hard to develop a
    prosecutable case against.

Sent. Tr. at 12-13.

Petitioner also contends that he was not given the opportunity to rebut the evidence that he carried a gun during the criminal activity. The Record reflects, however, that Petitioner was given an opportunity to state his disagreement with any of the facts contained in the PSR and that he declined to make any protest whatsoever. At sentencing, Petitioner was asked by the Court whether he had read the PSR, whether he had discussed the PSR with his counsel, whether the PSR accurately reflected his background and participation in the offense, and whether he had discussed with counsel how the Sentencing Guidelines apply to his case. Sentencing Transcript ("Sent. Tr.") at 2-3. Petitioner responded "yes" to all of these. Id. Petitioner thus failed to take advantage of his opportunity to tell the Court about his disagreement with his counsel's strategy, or with the statements included in the PSR.

Accordingly, with regard to his claim for failure to object to the gun enhancement, Petitioner has failed to show that his counsels' representation fell below an objective standard of reasonableness and that there was a reasonable probability that the results of the proceeding would have been different. Petitioner's claims for ineffective assistance of are therefore **DENIED**.

*2. Drug Quantity Calculations*

Petitioner's second claim is that his counsel were ineffective for failure to contest the drug amount calculations contained in the PSR. Petitioner's Motion at 7. Petitioner alleges that he told Mr. Dautrich that "he was not responsible for the exaggerated drug amounts which the government was attempting to hold him to." Id. Petitioner contends that he pointed out several inconsistencies in the drug amounts, and that counsel responded that it was best for Petitioner to plea first and object to the drug quantities later. Id. Petitioner states that his counsel showed

him documents that counsel had been preparing for such objections. Id. In his Motion, Petitioner recounts his frustration with both attorneys and their failure to pursue his claims for exaggerated drug quantities to his satisfaction. Id. at 11-12.

Petitioner, however, fails to show that counsel acted below an objective standard of reasonableness. Mr. Dautrich informally objected to the drug weights several times, as memorialized in a letter to the AUSA, dated July 31, 2003, and in a letter to Kristian Everett, the Probation Officer responsible for drafting Petitioner's PSR, dated October 29, 2003. Petitioner's Ex. L (stating three specific objections to the drug amounts attributed to the Petitioner in Special Agent Ogdon's Affidavit in Support of the Search Warrant); Petitioner's Ex. N (objecting that the drug amounts "attributed are exaggerated and speculative"). Petitioner remained unhappy with Mr. Dautrich's representation, however, and chose to address a letter to Ms. Everett personally, without first obtaining advice of counsel. Petitioner's Ex. P ¶ b. This letter allegedly put Petitioner's reduction of sentence for acceptance of responsibility at risk, because Petitioner alleged that his co-conspirators were lying about him, thus implying that he had not committed the charged offenses. Id. Mr. Dautrich contends that he was able to persuade Ms. Everett to construe the letter as a "questioning of drug amounts," rather than a denial of wrongdoing, and therefore was able to preserve Petitioner's reduction of sentence for acceptance of responsibility. Id.

Still displeased with Mr. Dautrich's representation, Petitioner hired Mr. Fasanaro as counsel and Mr. Dautrich, per Order of this Court, remained on the case as co-counsel. Doc. 19; Petitioner's Motion at 11. Mr. Fasanaro states that after Petitioner told him that he believed that the drug weights were exaggerated, counsel contacted the AUSA and together they performed a

complete review of the drug weights. Government's Reply, Ex. A (Fasanaro Affidavit) ¶ 3. Their calculations confirmed that the drug weights included in the PSR were accurate. Id. Meanwhile, counsel continued to argue for a reduction of sentence for cooperation and acceptance of responsibility. Id. ¶ 4.

The actions of counsel to work with the AUSA and Probation Officer to reduce the drug amounts attributed to Petitioner do not fall below an objective standard of reasonableness. This appears to be a reasonable strategy, allowing counsel to object informally to the drug quantities while not filing any formal objections that might jeopardize Petitioner's ability to obtain a reduction in sentence for cooperation or acceptance of responsibility. See Petitioner's Ex. P ¶ b (illustrating the apparently delicate balance between challenging the drug weights while maintaining an acceptance of responsibility); Petitioner's Exhibit U at 4 (Petitioner states that he was expressly told by Mr. Fasanaro that the Court would not have agreed to the Section 5K1.1 Motion if the Petitioner maintained any objections to the PSR); Sent. Tr. at 12-13 (AUSA acknowledged Petitioner's lack of objection in support of its argument for a reduction of sentence). Further, Petitioner has not presented any evidence to show that, were counsel to object, the outcome would have been different. Indeed, the Record shows that Petitioner's efforts to pursue a more aggressive strategy than that sought by his counsel endangered his chance of receiving a reduction of sentence for acceptance of responsibility. Accordingly, Petitioner's claim for ineffective assistance of counsel for failure to object to the drug quantities is **DENIED**.

IV. S<small>ENTENCING</small> C<small>LAIM</small> U<small>NDER</small> B<small>OOKER</small> <small>AND</small> B<small>LAKELY</small>

In his third claim, Petitioner contends that he is entitled to relief because, following the

United States Supreme Court's decisions in Booker and Blakely, his sentence under the Federal Sentencing Guidelines is unconstitutional. Doc. 27 at 22; see United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004). Petitioner alleges that, following Blakely, it was unconstitutional for the Court to sentence him based on facts not proven to a jury beyond a reasonable doubt. Doc. 27 at 22; see Booker, 543 U.S. at (holding that "[a]ny fact (other than prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty to a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

Petitioner's Booker and Blakely claims are not cognizable. The Fourth Circuit has held that Booker and Blakely are not retroactively available to federal prisoners on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Because Petitioner's case became "final" for the purposes of retroactive analysis on November 18, 2003, seven months before Blakely was decided and fifteen months before Booker was decided, these cases do not apply to Petitioner on collateral review. Doc. 23; see id. Therefore, Petitioner's claims under Booker and Blakely are **DENIED**.

### V. MOTIONS RELATED TO EVIDENCE AND DISCOVERY

Petitioner has filed two discovery motions attendant to his habeas claims under § 2255. He has filed a Motion for Preliminary Injunction to Preserve Evidence (Doc. 32) and a Motion for Leave of Court to Conduct Discovery (Doc. 35). Both Motions are **MOOT** because they are contingent on Petitioner's claim under § 2255.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Leave of

court is required to invoke discovery in a § 2255 proceeding, and may be granted only for "good cause." Rules Governing § 2255 Cases, Rule 6(a). Petitioner bears the burden of demonstrating good cause and must allege some material fact to trigger the court's discretion to grant leave for discovery. See Bracy, 520 U.S. at 908-09. Discovery is not required if the habeas petition plainly warrants dismissal. Mayle v. Felix, 545 U.S. 644, ----125 S.Ct. 2562, 2581 (2005) (citing Habeas Corpus Rule 6(a), Rule 8(c), and Rule 4).

     First, with regard to Petitioner's Motion for Preliminary Injunction to Preserve Evidence, Petitioner seeks the preservation of sixteen recorded telephone conversations that he claims support his habeas petition. While Petitioner fails to show good cause by alleging material facts contained in these tapes, the Government has agreed "to preserve all evidence that could be preserved at the time of the initial request." Doc. 36 at 3. Unfortunately, "[o]f the sixteen phone calls, due to normal recycling of the tapes by the Bureau of Prisons, only seven are in existence and are being maintained by the Bureau of Prisons." Id. The Government thus offered to produce the remaining seven tapes should the Court determine that the tapes are necessary. The Court, having rejected the Petitioner's § 2255, will not be conducting a hearing. Accordingly, the tapes are unnecessary and Petitioner's Motion for Preliminary Injunction to Preserve Evidence is **DENIED**.

     Second, in his Motion for Leave of Court to Conduct Discovery, Petitioner makes twenty-one (21) requests for records and other data, including in part the records of the Virginia Department of Motor Vehicles, the Drug Enforcement Agency's ("DEA") Reports of Investigation for twenty-three (23) separate items, copies of his home lease, and his tax records. With each numbered request, however, Petitioner wholly fails to give any specific grounds for

discovery that would show "good cause." Petitioner may not go on a fishing expedition in hopes of finding some evidence to support his allegations. Hall v. United States, 30 F. Supp. 2d 883, 899 (E.D. Va. 1998). The discovery request provided by Petitioner, absent any support whatsoever, appears to be precisely that: a fishing expedition.

Discovery is not necessary to determine the validity of Petitioner's claims, because all of Petitioner's claims lack merit. Petitioner's discovery request further fails to show any "good cause" or to specify any information that would aid in presentation of his case should the Court require a hearing. Therefore, Petitioner's twenty-one (21) requests for production of evidence are **DENIED**.

Because all of the grounds advanced by Petitioner's § 2255 Motion are without merit, Petitioner's Motion for Preliminary Injunction to Preserve Evidence (Doc. 32) and his Motion for Leave of Court to Conduct Discovery (Doc. 35) are both **DISMISSED** as **MOOT**.

VI. CONCLUSION

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is without merit and is **DENIED** and **DISMISSED**.

Petitioner's Motion for Extension of Time (Doc. 37) to file his rebuttal to the Government's Reply to his Motions for Preliminary Injunction to Preserve Evidence and for Leave to of Court to Conduct Discovery, is **GRANTED**. Petitioner's Motion for Preliminary Injunction to Preserve Evidence and his Motion for Leave of Court to Conduct Discovery, are **DISMISSED** and **MOOT**, because no evidentiary hearing is required following dismissal of

Petitioner's § 2255 Motion.

Petitioner is **ADVISED** that he may appeal this Opinion & Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion & Order. To proceed in forma pauperis on appeal, Petitioner must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to mail a copy of this Opinion & Order to Petitioner and to counsel of record for the United States.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
September 18, 2006